**CASE NUMBER 12-15287**

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

DEANNA GANGSTEE,

Plaintiff and Appellant,

and

JORDAN CHAMBERS,

Plaintiff,

v.

COUNTY OF SACRAMENTO; et al.,

Defendants - Appellees

Appeal from the United States District Court for the Eastern District of California

# APPELLANT'S REPLY BRIEF

**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
GUY DANILOWITZ, State Bar #257733
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiff-Appellant
Deanna Gangstee

## TABLE OF CONTENTS

I. Introduction…….………………………………………………………...........1

II. Summary Judgment Was Inappropriate in This Case Because it Turns on an Issue of Intent………..…………………………………………………........3

III. Gangstee Has Presented Evidence that LeCouve Intended to Release the Dog to Bite Someone…………...…………………………………….......3

IV. All Inferences Regarding the Video that the County Claims is Now Missing Should Be Drawn in Gangstee's Favor…………………………………...…6

V. The County's Reliance on *Scott v. Harris* is Misguided………………….…8

VI. The County's Reliance on *Dunigan v. Noble* is Misguided……..……….…9

VII. The District Court's Dismissal of Gangstee's *Monell* Claims Was Based Entirely on its Finding that there was no Seizure…………..…..……………....9

VIII. Conclusion….……………………………………………………….....…10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alexander v. City & County of San Francisco*, 29 F.3d 1355 (9th Cir. 1994) 1

*Blinzler v. Marriott Int'l*, 81 F.3d 1148, 1159 (1st Cir. 1996)………………. 7, 8

*Burt Rigid Box, Inc. v. Travelers Prop. & Cas. Corp.*, 302 F.3d 83, 91-92 (2d Cir. 2002)……………………………………………….………………….. 6

*Chew v. Gates*, 27 F.3d 1432 (9th Cir. 1994)..……………………………… 3

*Drummond v. City of Anaheim*, 343 F.3d 1052 (9th Cir. 2003)……………. 3

*Dennen v. City of Duluth*, 2002 U.S. Dist. LEXIS 7887 (D. Minn. May 1, 2002)………………………………………………………………………… 4, 5

*Dunigan v. Noble* 390 F.3d 486 (6th Cir. 2004)………………………......... 9

*Espinosa v. City & County of San Francisco*, 598 F.3d 528 (9th Cir. 2010) . 3

*Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993)……………………. 7

*Gomez v. City of Fremont*, 730 F. Supp. 2d 1056 (N.D. Cal. 2010)………… 3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)….. 8

*Medina v. Multaler, Inc.*, 2007 U.S. Dist. LEXIS 102352, (C.D. Cal. Feb. 7, 2007)………………………………………………………………………… 6, 7

*Mendoza v. Block*, 27 F.3d 1357 (9th Cir. 1994)……………………………. 3

*Middleton v. Reynolds Metals Co.*, 963 F.2d 881 (6th Cir. 1992)………….. 1

*Ortiz v. Kelly*, 2009 U.S. Dist. LEXIS 30071 (D. Nev. Mar. 24, 2009)……. 7

*Patterson v. Morgan Stanley Smith Barney*, LLC, 2012 U.S. Dist. LEXIS 2

23925 (E.D. Cal. Feb. 23, 2012)……………………………………………….

*Scott v. Harris* 550 U.S. 372 (U.S. 2007)……………………………………… 8

*Taylor v. Donley*, 2012 U.S. Dist. LEXIS 11660 (E.D. Cal. Jan. 30, 2012) 2

**STATE CASES**

*King v. United Parcel Service, Inc.*, 152 Cal. App. 4th 426 (2007)………… 2

**FEDERAL STATUTES**

42 U.S.C. § 1983………………………………………………………. 2, 3

FED. R. EVID. 1004...…………………………………………………… 6

**STATE STATUTES**

CAL. CIV. CODE SEC. 3342……………………………………………… 5

**CONSTITUTIONS**

U.S. CONST. amend. IV ……………….................................................... 2, 3

## I. Introduction

In granting summary judgment, the court accepted, contrary to established law, the Defendants/Appellees self-serving testimony that the bite of Plaintiff/Appellant Gangstee (hereinafter "Gangstee") or anyone was unintentional despite there being disputing testimony from multiple sources, while failing to make the appropriate inferences regarding the missing video of the incident which should have further weighed against the granting of summary judgment.

## II. Summary Judgment Was Inappropriate in This Case Because it Turns on an Issue of Intent

This case turns on whether Defendant/Appellee LeCouve intended to release his police dog to bite someone. As a result, summary judgment is inappropriate in this case. Although Defendants/Appellees LeCouve and the County of Sacramento (hereinafter "the County") attempt to distinguish the cases cited by Gangstee for the assertion that summary judgment is inappropriate when the issues involve intent, *Middleton v. Reynolds Metals Co.*, 963 F.2d 881, 882 (6th Cir. 1992) and *Alexander v. City & County of San Francisco*, 29 F.3d 1355, 1364 (9th Cir. 1994), the reality is that there is a fundamental factual disagreement regarding whether or not Defendant LeCouve released the dog to bite someone.

The County cites to a line of cases that is wholly inapposite because the cited cases are employment law cases that address the discrete issue of a discharged

employee's burden of presenting evidence that an employer's asserted reason for termination is merely a pretext for discrimination. These cases are inapposite to this case and therefore unpersuasive: *King v. United Parcel Service, Inc.*, 152 Cal. App. 4th 426 (2007), in which the plaintiff alleged claim of disability discrimination in violation of the California Fair Employment and Housing Act; *Patterson v. Morgan Stanley Smith Barney*, LLC, 2012 U.S. Dist. LEXIS 23925 (E.D. Cal. Feb. 23, 2012), in which the plaintiff alleged employer's asserted reason for termination was a pretext for age discrimination; and *Taylor v. Donley*, 2012 U.S. Dist. LEXIS 11660 (E.D. Cal. Jan. 30, 2012), in which a pro se plaintiff alleged discrimination intent based on race.

Finally, and even less persuasively, the County attempts to refute the assertion that summary judgment should be granted sparingly in police misconduct cases where intent is an issue by claiming, without citing any authority to support their position, that this is not a "police misconduct" case. Although the County is technically correct – this is a "sheriff misconduct" case – the problem they face is that the same standard applies. That is, the claims at issue were brought under 42 U.S.C. Section 1983 alleging excessive force under color of law in violation of Deanna Gangstee's Fourth Amendment rights. The two cases cited by Gangstee in support of her assertion that summary judgment should be granted sparingly in such cases, *Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th

Cir. 2010) and *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003), were also both brought under section 1983 alleging excessive force in violation of the Fourth Amendment. In addition, it is well-settled law that the deployment of a police service dog trained to “find and bite” is a use of force which is analyzed under the Fourth Amendment’s objective reasonableness standard. *Mendoza v. Block*, 27 F.3d 1357 (9th Cir. 1994); *Chew v. Gates*, 27 F.3d 1432 (9th Cir. 1994); *Gomez v. City of Fremont*, 730 F. Supp. 2d 1056 (N.D. Cal. 2010). Regardless of whether the County labels this incident “sheriff misconduct,” “police misconduct,” or something else, *Espinosa* and *Drummond* are clearly applicable and summary judgment should be granted sparingly in police misconduct cases such as this one where intent is an issue.

## III. Gangstee Has Presented Evidence that LeCouve Intended to Release the Dog to Bite Someone

As discussed in Appellant’s Opening Brief, Gangstee presented evidence supporting the inference that LeCouve intended to release the dog to bite someone, however, the District Court failed to draw any inferences in Gangstee’s favor. This evidence included: 1.) LeCouve’s own statement shortly after the incident and Elton Ward’s testimony that the dog was headed for Ward before going after Gangstee (ER 51, 66); 2.) LeCouve did not attempt to call off the dog until after it

was no longer headed for Ward and was chasing Gangstee (ER 20:24 – 21:6)[1]; and 3.) Ward and Phyllis Middleton's testimony that LeCouve never had a grip on the dog. (ER 51, 56).

The County is unable to dispute that these inferences should have been drawn in Gangstee's favor. First, it offers a *post-hoc* explanation of the dog's conduct that is not supported by the record, claiming that the dog "would necessarily have to first proceed toward and in the direction of the suspect before passing the suspect and continuing toward Gangstee." (Appellees' Answering Brief, p.14). A closer look at the record reveals that the County's claim is speculation as it is based on three paragraphs of Defendant LeCouve's declaration and Lieutenant Butler's report (which is itself largely based on LeCouve's Inter-Departmental Communication), neither of which support that claim. On the contrary, Paul Sanborn, Phyllis Middleton, and Gangstee herself testified that she was running or moving away from the officers and vehicles. ER 54, 56, 59.

Next, the County cites *Dennen v. Duluth* to support its assertion that the evidence of the dog's being untethered from the time it exited LeCouve's vehicle does not contradict LeCouve's testimony that he did not intentionally deploy the dog; however, as discussed in Appellant's Opening Brief, *Dennen* is a completely

---

[1] The County of Sacramento does not dispute that Deputy Prokopchuk did not hear Defendant LeCouve call off the dog until after it was going after Gangstee and was no longer going towards Ward apart from stating that "It is obvious and self-evident that dogs are quick in their actions." Appellees' Answering Brief, 14.

different case. In *Dennen*, the officer "brought the dog with him for protection and not to track or apprehend plaintiff." *Dennen v. City of Duluth*, 2002 U.S. Dist. LEXIS 7887 (D. Minn. May 1, 2002). In contrast, in this case, LeCouve testified that he brought the dog out of the car with him "in case a car extraction is required or in case the suspect flees" and that the dog's role was to "subdue the suspect" if necessary. (ER 62 ¶7). It has never been suggested by anyone or any document that the dog was at the scene for the purpose of protecting its handler. In addition, in *Dennen*, the plaintiff claimed no memory of the event and there were no other witnesses. *Dennen v. City of Duluth*, *supra*.. The officer's testimony that he did not intentionally deploy the dog was the **only evidence presented by either side**. By contrast in this case, not only is LeCouve's testimony inconsistent with no documentation of his finger injury and with the testimony of his fellow deputies, Prokopchuk and Bonney, but there is other evidence from which inferences regarding LeCouve's intentions can be drawn.

LeCouve's testimony is no more than a self-serving attempt to absolve himself of liability. The County claims that it's acknowledging the County's liability under California Civil Code Section 3342, a statute that creates strict liability for the owner of a dog for injuries caused by the dog, somehow precludes any liability on LeCouve's part for a constitutional violation and that therefore,

LeCouve's statement cannot be characterized as an attempt to absolve himself of liability.

## IV. All Inferences Regarding the Video that the County Claims is Now Missing Should be Drawn in Gangstee's Favor

Federal Rule of Evidence 1004 provides that "other evidence of the contents of a writing, recording, or photograph" is admissible unless the original has been lost or destroyed in bad faith. FED. R. EVID. 1004. The video files from in-car cameras in eighteen different patrol vehicles were exported to a computer hard drive and burned to a DVD-Rom and booked into evidence at the Sheriff's Department headquarters. ER 44 – 46. Plaintiff/Appellant filed a timely California state law government tort claim with the County of Sacramento on or about November 7, 2008. (ER 95, ¶12.) Although Lieutenant Mike Butler testified to having watched the DVD-Rom and to its contents, the County of Sacramento never offered to show Ms. Gangstee or her counsel the video. The County now claims that the video is missing. (SER 2, ¶5.)

To establish that the video is lost, destroyed, or unavailable for the purposes of Rule 1004, the County must demonstrate that it "has made a diligent but unsuccessful search and inquiry for the missing [original]." *Medina v. Multaler, Inc.*, 2007 U.S. Dist. LEXIS 102352, *9 (C.D. Cal. Feb. 7, 2007) quoting *Burt Rigid Box, Inc. v. Travelers Prop. & Cas. Corp.*, 302 F.3d 83, 91-92 (2d Cir. 2002). "[A]bsent evidence of actual destruction, a reasonable and diligent search

is typically the only way to establish that a document has been lost or is unavailable." *Medina v. Multaler, Inc., supra,* at *9. In this case, although the County of Sacramento claims that the video was destroyed, it has not presented any evidence of **actual destruction** nor has it demonstrated that there was only one copy of the video or that it has made a reasonable and diligent search. (SER 2, ¶5.).

Even if a court determines not to exclude other evidence, it has "broad discretion to permit a jury to draw adverse inferences from the loss or destruction of evidence against the party responsible for that behavior." *Ortiz v. Kelly*, 2009 U.S. Dist. LEXIS 30071 (D. Nev. Mar. 24, 2009) *citing Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Even absent evidence of bad faith destruction, "[w]hen the evidence indicates that a party is aware of circumstances that are likely to give rise to future litigation and yet destroys potentially relevant records without particularized inquiry, a factfinder may reasonably infer that the party probably did so because the records would harm its case." *Blinzler v. Marriott Int'l*, 81 F.3d 1148, 1159 (1st Cir. 1996).

In this case, Gangstee's filing of a timely tort claim made the County aware of circumstances likely to lead to litigation yet the County claims it nevertheless

destroyed the video without any particularized inquiry.[2] A factfinder may therefore reasonably infer that the County did so because the video would harm its case. *Blinzler v. Marriott Int'l*, *supra* at 1159. Even if the court does not draw an adverse inference in favor of Gangstee, at the very least, it was erroneous to draw any inferences regarding the video in favor of the County. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

## V. The County's Reliance on *Scott v. Harris* is Misguided

The County cites *Scott v. Harris* 550 U.S. 372 (U.S. 2007) for the assertion that Gangstee has not provided evidence to support a dispute regarding Lecouve's intent to release the dog. *Scott v. Harris*, however, turned on the fact that there was a video tape which clearly contradicted the plaintiff's assertions. *Id.*. Unlike in *Scott* in this case, **the video tape which Gangstee claims contradicts LeCouve's version of the incident is claimed by the County to be missing.** (Gangstee has no doubt that if the video helped the County it would be able to locate it.). Also unlike the *Scott* case, in this case the video would have backed up the version of multiple witnesses, not just Gangstee's. As discussed above any inference regarding the video should be drawn in favor of Gangstee.

//

//

[2] Although the County now claims the video was destroyed because it was part of a criminal case involving Elton Ward, the supplemental report documenting the creation of the video makes no mention of that criminal case. ER 45 – 47.

## VI. The County's Reliance on *Dunigan v. Noble* is Misguided

Defendants rely exclusively on a Sixth Circuit case, *Dunigan v. Noble*, for their contention that there is no triable issue of material fact regarding Appellant/Plaintiff's claim of excessive force. *Dunigan v. Noble*, 390 F.3d 486 (6th Cir. 2005). In *Dunigan*, three officers and a police dog entered plaintiffs' residence to search for her son who was wanted for a parole violation. *Id.* at 488 – 89. After entering the residence, the canine officer alerted the dog to begin barking. *Id.* at 489. One of the other officers then pushed plaintiff in the back who stumbled into the dog's defensive perimeter, and the dog then bit her leg. *Id.* at 489 – 90. *Dunigan* is therefore different from this case because in *Dunigan*, there was no evidence that the officer directed or intended the dog to bite someone. *Dunigan v. Noble*, 390 F.3d 486 (6th Cir. 2005). By contrast, in this case there is both witness testimony and circumstantial evidence supporting Gangstee's theory that LeCouve intended to release the dog to bite the suspect Elton Ward.

## VII. The District Court's Dismissal of Gangstee's *Monell* Claims Was Based Entirely on its Finding that there was no Seizure

The District Court's dismissal of Gangstee's *Monell* claims was based entirely on its erroneous finding that there was no issue of triable fact as to whether or not Gangstee was seized for Fourth Amendment purposes. Should the Court find that there is a triable issue of fact regarding whether Gangstee was seized, the dismissal of her *Monell* claims should be reversed and remanded as well.

## VIII. Conclusion

Neither the record nor the law supports the district court's granting summary judgment to LeCouve on Gangstee's Fourth Amendment claim.

Dated: September 20, 2012

s/Stewart Katz
Stewart Katz
Attorney for Appellant